PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO LAZCANO, Defendant and Appellant.

No. 5496. Argued June 1, 1934.—Decided June 6, 1934.

*Juan B. Huyke* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

The police believed that Antonio Lazcano was playing a prohibited game, and arrested him.  After his arrest he was searched and a pistol was found on his person.  In the Municipal Court of San Juan he was acquitted of the charge of playing a prohibited game.  However, a complaint was filed against him for carrying a prohibited weapon and he was convicted both in the Municipal Court and in the District Court of San Juan.

On appeal the principal defense was that the defendant was in his own house playing cards and that if he carried a weapon on the street it was because he was forced or induced to do so by the action of the police in arresting him and taking him from the house where he was found.

We do not think that the case at all falls under the citations of the appellant, namely, where a man is made to commit a crime by reason of the acts of an officer.  The defendant unquestionably had the pistol on his person.

If, as in the case of *People* v. *Borges,* 23 P.R.R. 486, the defendant was in his own house and was taken to the police station, his action was not that of carrying a prohibited weapon, inasmuch as the original possession of the same was innocent and he was put in a precarious position by reason of his arrest.

No question was raised of the right of the police to make the search.

There was a conflict in the evidence.  However, it definitely established that the defendant did not live where he was arrested, but had a home elsewhere.  Assuming, however, the truth of what the defendant said to the effect that he had

rented a room for an office in the house where he was arrested, nevertheless, it does not clearly appear that the defendant had a residence in that house.

We draw attention to the fact that the defendant must have carried the pistol from somewhere else to the house where he was arrested and his possession of the weapon was *prima facie* illegal, and no reason was shown for carrying it to that place. The very fact that he was playing a game of cards would militate against rather than help him, for no one should indulge in sports with a pistol in his pocket.

Examining the evidence, however, we feel bound to agree with the *Fiscal* that the court was not bound to believe that the house where the defendant was playing cards was in point of fact used by him like a residence, that he was a guest therein, or anything similar thereto, and the court had the right to convict him.

The judgment should be affirmed.